IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **STANLEY A. PEICKERT**,<br><br>                    Plaintiff,<br><br>     v.<br><br>**MICHAEL J. ASTRUE**, Commissioner of Social Security Administration,<br><br>                    Defendant. | Case No.: 6:12-cv-00991-ST<br><br>**OPINION AND ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

**SIMON, District Judge**.

On June 8, 2012, Magistrate Judge Janice M. Stewart filed Findings and Recommendations ("F&R") in the above captioned case, Dkt. 7, and referred them to this Court. Dkt. 8. Judge Stewart recommended that the Court: (a) grant Plaintiff Stanley A. Peickert's ("Plaintiff") motion to proceed *in forma pauperis*, Dkt. 1; (b) dismiss the complaint, Dkt. 2, with prejudice for lack of jurisdiction; and (c) deny Plaintiff's motion for appointment of pro bono counsel, Dkt. 3. Plaintiff filed objections. Dkt. 10.

Under the Federal Magistrates Act, the court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Federal Magistrates Act, 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of an F&R to which neither party has objected, the Magistrates Act does not prescribe any standard of review: "There is no indication that Congress, in enacting [the Magistrates Act], intended to require a district judge to review a magistrate's report[.]" *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied*, 540 U.S. 900 (2003) (the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate's findings and recommendations for "clear error on the face of the record."

The Social Security Act provides that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h). Relying on that provision, Judge Stewart found that the Court did not have jurisdiction to hear Plaintiff's complaint. F&R at 4-5; *see also Hooker v. U.S. Dept. of Health & Human Services*, 858 F.2d 525 (9th Cir. 1988) (the court lacks subject matter jurisdiction to hear tort and due process claims against the United States arising under Title II of the Social Security Act). Plaintiff objects. He argues that this Court has jurisdiction because the Commissioner "constructively reopened" an earlier case—*Peickert v. Chater*, Civil No. 96-118-HA—between Plaintiff and the Commissioner when the Commissioner demanded repayment of an alleged overpayment of benefits. Pl.s' Objections at 3-5.

The Court disagrees. Only the court, not the Commissioner, has authority to reopen a closed district court case. *See* Fed. R. Civ. P. 60(b). Neither the Commissioner nor Plaintiff has moved this Court for an order to reopen the earlier case. Accordingly, *Peickert v. Chater*, Civil No. 96-118-HA remains closed and does not provide this court with jurisdiction. Accordingly, the court lacks subject matter jurisdiction to hear Plaintiff's complaint.[1]

Plaintiff has also made a "motion to exp[edi]te time bar." Dkt. 4. In light of the court's conclusion that it lacks subject matter to hear Plaintiff's complaint, this motion is moot. As such, Plaintiff's motion to expedite, Dkt. 4, is denied.

## CONCLUSION

Plaintiff's motion to expedite time bar, Dkt. 4, is **DENIED**. The Court **ADOPTS** Judge Stewart's F&R, Dkt. 7. Accordingly, Plaintiff's motion to proceed *in forma pauperis*, Dkt. 1, is **GRANTED**. Plaintiff's motion for appointment of pro bono council, Dkt. 3, is **DENIED**. Plaintiff's complaint, Dkt. 2, is **DISMISSED** with prejudice.

---

[1] Although not expressly raised in Plaintiff's objections, the court notes that in addition to the claims for actual and punitive damages in Plaintiff's complaint—which are barred by 42 U.S.C. § 405(h)— Plaintiff also appears to be contesting the Commissioner's determination that Plaintiff received an overpayment. *See* Complaint at pg. 16; Dkt. 2-6. In contrast to claims for damages, the court has jurisdiction, pursuant to 42 U.S.C. § 405(g), to review a final decision of the Commissioner that a claimant received an overpayment. *See Califano v. Yamasaki*, 442 U.S. 682, 687 (1979). If Plaintiff wishes to contest the Commissioner's demand for repayment of alleged overpayments in this court, however, Plaintiff must first exhaust the administrative process described in 20 C.F.R. §§ 404.907-404.982. If, at the close of the administrative process, Plaintiff receives an unfavorable final decision from the Commissioner, then Plaintiff may seek review of that decision in this court. 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.981-404.982. Until that time, this court does not have jurisdiction to hear Plaintiff's claim.

IT IS SO ORDERED.

Dated this 6th day of August, 2012.

/s/ Michael H. Simon
_____
Michael H. Simon
United States District Judge

Page 4 – OPINION AND ORDER ADOPTING FINDINGS AND RECOMMENDATIONS